EDWARD J. FUCHS, complainant.

*v.*

M. CASEWELL HEINE, as receiver, &c., et al., defendants.

[Decided October 17th, 1923.]

On appeal from an order of the court of chancery advised by Vice-Chancellor Church, who filed the following opinion:

"On February 14th, 1921, the United Advertising Agency and the complainant, Fuchs, entered into an agreement by which it was provided that for the purpose of testing out the selling abilities of what was called the Fertall gun and ball fertilizer, United should do the advertising described in the agreement, and Fuchs should superintend the manufacture of a sufficient number of Fertall gun and ball fertilizer to supply the demand. Within thirty days a corporation for the manufacture and sale of these products should be formed. At the end of the thirty-day period the parties entered into another agreement supplementing the foregoing, which provided that the United will organize a New Jersey corporation. Said agreement also provided that United shall receive fifty-one per cent. (51%) of the stock of said corporation for financing 'in its discretion the said corporation,' and Fuchs was to receive forty-nine per cent. (49%) upon an assignment of his patent and his rights in the Fertall balls, business, good-will, &c. This agreement also provided, 'should the manufacture and sale of Fertall guns, balls and tablets be discontinued for any time for a period exceeding one year, then all rights thereto shall revert to Fuchs.' The certificate of incorporation, in substance, provided that the corporation was to acquire the business of Fuchs, including his patents. About March 24th, 1921, the Fertall Company was incorporated under the laws of New Jersey. At the first

meeting of stockholders, at which the complainant was present and elected a director, a resolution was adopted which recited that Fuchs had offered to sell said business to the corporation together with 'any patents, patents pending    *    *    * granted or pending,' and that the board of directors be authorized to accept said offer, the consideration for said transfer being one hundred thousand dollars ($100,000) of the capital stock of said corporation, and on the same day the board of directors, including Fuchs, passed a resolution accepting said Fuchs' offer and authorizing the proper officers to issue such stock to Fuchs, or his nominee, and, thereafter, Fuchs requested the corporation, in writing, to issue such stock pursuant to said resolution, forty-nine thousand dollars ($49,000) to himself, and fifty-one thousand dollars ($51,000) thereof to three (3) officers of the United Advertising Agency.

"Fuchs transferred to the company his business with the plant, stock and other properties, good-will, pending contracts, patents, &c., on the issuance of a thousand shares of common stock. This company proceeded with the business of manufacturing and selling its product until June, 1921, when it was decided that it was inadvisable for the United Advertising Company to make further advances or incur further indebtedness. A letter was written by Mr. Dreyfuss to Mr. Fuchs, setting forth its position, and offering some sort of a plan for liquidation. These negotiations being fruitless, Vice-Chancellor Lewis appointed Herbert S. Simon, of Newark, a receiver. On application of Mr. Fuchs, Vice-Chancellor Lewis vacated said receivership and gave Fuchs leave to file an answer and a counter-claim in said cause in which the receiver was appointed. Fuchs filed his answer and counter-claim. The answer and counter-claim, which set forth, in substance, the material allegations contained in the bill of complaint in this cause contained the following prayers:

" '2. That all and singular the capital stock of the defendant company issued to said Leonard Dreyfuss, E. Forrest Fettinger and Theodore S. Fettinger, as described in the prem-

ises of this counter-claim, as well as all stock certificates relating to the same and all other evidence of ownership of the same be returned to and delivered up to the defendant company.

" '3. That a decree be made in this case requiring the complainant company to deliver to the Fertall Company, defendant, complainant's general release, releasing defendant company of all claims and demands against it.'

"Thereafter, a hearing was had before Vice-Chancellor Lewis, which resulted in an order appointing M. Casewell Heine receiver, which order contains the finding that United Advertising Agency 'is the equitable owner of fifty-one thousand dollars [$51,000] of the issued and outstanding capital stock of the defendant.' This order was never appealed from. An order was afterwards made 'that the said Edward J. Fuchs be and he is hereby directed to forthwith execute good and sufficient instruments assigning to the said defendant and to Heine, receiver for the stockholders, all patents, &c.,' and to do other things.

"Fuchs complied with this order. The receiver has been conducting the business since that time. The complainant alleges, in substance, in his complaint, that the minimum of the financing of the proposed Fertall Company by the United Advertising Agency should be as follows: 'The said United Advertising Agency to spend at least two thousand dollars [$2,000] per month for a period of twelve months,' &c.

"The theory of the bill of complaint seems to be that the court may add to the written agreement provisions which the agreement does not contain, and compel a surrender of said fifty-one thousand dollars ($51,000) of stock to Fertall and a retransfer of the patent to Fuchs. (But even if said conversations were admissible in view of all of the testimony in the case, I am of the opinion that United Advertising Agency only agreed to finance in its discretion.) Fuchs' answer and counter-claim raised the same issues as are here raised. He attempted, before Vice-Chancellor Lewis, to procure an adjudication that the United or its officers should surrender said fifty-one thousand dollars ($51,000) of stock. The find-

ing of Vice-Chancellor Lewis that the complainant is the equitable owner of fifty-one per cent. (51%) of the stock necessarily decided the issues thus raised and all other issues triable under said answer and counter-claim against Fuchs, and the issues there raised are substantially the same as are here raised. I permitted Mr Fuchs to testify as to conversations tending to vary the terms of this written contract. This testimony seems to show that these conversations took place before the making of the agreement.

"I am of the opinion that the written agreement of March 15th, 1921, cannot be altered by parole evidence. *Naumberg v. Young, 44 N. J. Law 331.* It seems to me also that the order advised by Vice-Chancellor Lewis appointing Heine receiver settled the questions here raised, as the questions in the case before me are practically those before Vice-Chancellor Lewis.

"Pursuant to the resolutions and acts of the parties the patent in question became the absolute property of the corporation. The absence of a reservation of a right to a return of the patent to Fuchs of the kind contained in the preliminary agreement, in my opinion, constitutes a distinct waiver of such reservation, besides, Fuchs' offer contained in the resolutions was to the corporation, an entity separate and distinct from the United, and the Fertall accepted such offer, contracted debts which are unpaid and are proved before the receiver, and such patent is a valuable asset in the hands of the receiver, the money valuation of which, when converted, ought to be applied toward the payment of the debts of the corporation, besides costs of administration.

"I shall therefore advise a decree that the bill of complaint be dismissed, with costs."

*Mr. Otto A. Stiefel,* for the appellant.

*Messrs. Bilder & Bilder* and *Mr. M. Casewell Heine,* for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Church.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PAR-KER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   15.

*For reversal*—None.